UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | "O" | JS-6 |
| Case No. | 2:15-cv-5265-CAS(AGRx) | Date | May 1, 2017 | |
| Title | GEORGE WEJBE ET AL. v. UNITED STATES OF AMERICA ET AL. | | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Oganes Oganesyan  Gwendolyn Gamble, AUSA

**Proceedings:** THE UNITED STATES' MOTION TO DISMISS (Dkt. 30, filed March 28, 2017)

## I. INTRODUCTION

The United States moves to dismiss. Dkt. 30. The motion has been fully briefed, see dkts. 31–32, and the Court heard oral argument on May 1, 2017.[1] The Court GRANTS the motion.

## II. BACKGROUND

On August 11, 2013, plaintiffs George and Lori Wejbe were riding their motorcycle through the Los Padres National Forest. Dkt. 15 ¶¶ 11–12. They were attempting to drive past a U.S. Forest Service truck that had pulled off to the side of the road when the truck suddenly veered back onto the road, hitting plaintiffs' motorcycle. Id. ¶ 14. Plaintiffs allege that they incurred physical injuries, medical expenses, and property damage as a result. Id. ¶ 15.

On April 1, 2014, plaintiffs presented an administrative tort claim to the U.S. Department of Agriculture ("USDA"), the parent agency of the U.S. Forest Service. The USDA denied plaintiffs' claim on April 7, 2015. Dkt. 30 at 10–11. On July 14, 2015, plaintiffs initiated this action, asserting a negligence claim against the USDA under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Dkt. 1. On July 14, 2015,

---

[1] At oral argument, the Court invited plaintiffs to submit any authority supporting their argument that an FTCA claim can proceed notwithstanding the plaintiff's failure to notify the Attorney General or the U.S. Attorney within the limitations period. Plaintiffs did not submit any additional authority.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O"   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-5265-CAS(AGRx) | Date | May 1, 2017 |
| Title | GEORGE WEJBE ET AL. v. UNITED STATES OF AMERICA ET AL. | | |

plaintiffs served the complaint on the USDA. Dkt. 4. Plaintiffs did not serve the Attorney General or the U.S. Attorney with the original complaint until March 9, 2016. Dkt. 14. On May 5, 2016, plaintiffs filed their first amended complaint ("FAC"), substituting the United States for the USDA as defendant. Dkt. 15. The FAC was served upon the Attorney General and the U.S. Attorney on January 27, 2017. Dkt. 28.

## III.  DISCUSSION

"The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees. Individual agencies of the United States may not be sued. The FTCA also requires that a disappointed claimant file suit within six months of the date of the mailing of the letter denying her administrative claim." Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir. 1984) (internal citations omitted). Plaintiffs' administrative tort claim was denied on April 7, 2015. To preserve their claim, they needed to file a lawsuit against the United States by October 7, 2015. Although they sued the USDA on July 14, 2015, they did not assert a claim against the United States until May 5, 2016. That was too late.

Plaintiffs argue that their FAC should relate back to the date of the original complaint. An amendment that substitutes a new defendant relates back to the date of the original pleading if the amendment asserts a claim that arises out of the same conduct, transaction, or occurrence and:

> [W]ithin the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistaken concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Moreover:

> When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-5265-CAS(AGRx) | Date | May 1, 2017 |
| Title | GEORGE WEJBE ET AL. v. UNITED STATES OF AMERICA ET AL. | | |

Id. at 15(c)(2). In other words, "[o]nly if the United States Attorney and the Attorney General receive notice of the suit prior to the running of the statute of limitations will a plaintiff be allowed to substitute the United States as a defendant under Rule 15(c)." Allen, 749 F.2d at 1390.[2] Notice to the agency cannot be imputed to the United States. Id. at 1389.

Plaintiffs did not notify either U.S. Attorney or the Attorney General of the lawsuit until March 9, 2016, when they served the original complaint. That was about five months too late. Because neither the U.S. Attorney nor the Attorney General received notice of the action within the limitations period, the FAC does not relate back to the date on which the original complaint was filed. Accord id. at 1389–90; Mertens v. Shensky, 355 F. App'x 990, 991 (9th Cir. 2009).

Plaintiffs argue that their failure to the name the United States in the initial complaint constitutes excusable neglect. While not explicitly framed as such, this could be construed as a request for equitable tolling. The Supreme Court recently clarified that the FTCA's statute of limitations is non-jurisdictional, and thus subject to equitable tolling. See United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015) ("The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds."). However, equitable tolling is appropriate only where the litigant establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Menominee Indian Tribe of Wisc. v. United States, 136 S. Ct. 750, 755 (2016). These are two independent requirements, "not merely factors of indeterminate or commensurable weight." Id. at 756. "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." Id.

---

[2] The Ninth Circuit subsequently held that it is not necessary to serve the Attorney General if the U.S. Attorney is served. See McGuckin v. United States, 918 F.2d 811, 813 (9th Cir. 1990) (amendment to add the United States as defendant related back because plaintiff served the original complaint on the U.S. Attorney within the limitations period).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O"   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-5265-CAS(AGRx) | Date | May 1, 2017 |
| Title | GEORGE WEJBE ET AL. v. UNITED STATES OF AMERICA ET AL. | | |

Excusable neglect is not itself sufficient to justify equitable tolling, because it is neither extraordinary nor beyond the litigant's control.[3] Plaintiffs are not entitled to equitable tolling of the FTCA's statute of limitations.

## IV.     CONCLUSION

The United States' motion to dismiss, dkt. 30, is **GRANTED with prejudice.**

IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[3] Moreover, Allen instructs that "the failure to sue the proper defendant within the period prescribed by the statute of limitations" is not considered excusable neglect. 749 F.2d at 1390.